DARREN T. KAPLAN, Esq. (To Be Admitted Pro Hac Vice)
CHITWOOD HARLEY HARNES LLP
185 Great Neck Road, Suite 340
Great Neck, NY 11021
Telephone: (516) 773-6090
Facsimile: (516) 706-0497
Email: dkaplan@chitwoodlaw.com

Counsel for Plaintiff Advanced Internet Technologies, Inc.

ROBERT C. SCHUBERT (S.B.N. 62684)
WILLEM F. JONCKHEER (S.B.N. 178748)
DUSTIN L. SCHUBERT (S.B.N. 254876)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
Email: dschubert@schubertlawfirm.com

Local Counsel for Plaintiff Advanced Internet Technologies, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DELL, INC. and DELL FINANCIAL SERVICES, INC.,<br><br>Defendants. | Case No. CV 10 80078MISC<br><br>**[PROPOSED] ORDER ADOPTING STIPULATED PROTECTIVE ORDER ENTERED IN UNDERLYING ACTION**<br><br>**(Master Case Pending in the Eastern District of North Carolina, Case No. 5:07-CV-426-H)**<br><br>**Date: May 7, 2010**<br><br>**Time: 9:00 a.m.** |

– 1 –
[PROPOSED] ORDER ADOPTING STIPULATED PROTECTIVE ORDER
ENTERED IN UNDERLYING ACTION

1 | This matter came before the Court on plaintiff's Motion to Hold Non-Party Exponent,
2 | Inc. in Contempt of Subpoenas and to Compel Compliance, dated April 1, 2010. Good cause
3 | appearing therefore, the Stipulated Protective Order entered by U.S. Magistrate Judge David W.
4 | Daniel in the action *Advanced Internet Technologies, Inc. v. Dell, Inc., et al.*, No. 5-07-cv-426
5 | (E.D.N.C.), dated February 4, 2009, is hereby entered to govern discovery material produced in
6 | this action. A copy of that order is attached hereto as Exhibit A.

Dated: _____

U.S. DISTRICT JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No 5:07-CV-426 (U.S.D.C., E.D.N.C.)

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC.<br>    Plaintiff,<br><br>v.<br><br>DELL, INC. and DELL FINANCIAL SERVICES, INC.,<br>    Defendants. | **STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

Plaintiff Advanced Internet Technologies, Inc. ("**Plaintiff**") and Defendants Dell Inc., and Dell Financial Services L.L.C., which is incorrectly named in the above-matter as Dell Financial Services, Inc. (collectively, the "**Defendants**") (both Plaintiff and the Defendants are hereinafter individually referred to as a "**Party**", and collectively referred to as the "**Parties**"), through their respective counsel, hereby stipulate as follows:

**WHEREAS**, the Parties believe that certain information that may be divulged in this litigation may contain trade secrets or other confidential research, development, or commercial information as contemplated by Federal Rule of Civil Procedure 26(c); and

**WHEREAS**, the Parties believe that it would serve the interests of the Parties to conduct discovery under a protective order pursuant to Rule 26(c).

**NOW THEREFORE**, the Parties respectfully submit this proposed stipulated protective order for entry by the Court.

## ORDER

In accordance with the stipulation of the Parties, for good cause shown and finding no adverse effect upon the public interest, the Court enters the following protective order:

1

1.   This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. Notwithstanding any provision of this Order, any party may seek additional protections from the Court pursuant to Rule 26(c)(7) with respect to particular classes of information, including that such information not be revealed or revealed only in a way other than that designated herein.

2.   All documents, materials, items, and/or information that contain or comprise trade secrets, confidential research, development, or commercial information produced or submitted during the course of this action either by a Party or by a nonparty to or for either of the Parties, and appropriately designated hereunder, shall be governed by this Protective Order.

3.   Any information or materials produced by any Party or nonparty as part of discovery in this action may be designated by such Party or nonparty as (1) "Confidential" or (2) "Highly Confidential - Attorneys' Eyes Only" under the terms of this Protective Order.

4.   As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to the Parties for the purposes of the litigation only, but which must be protected against disclosure to non-Parties. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5.   As a further general guideline, information or materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer of the Party or nonparty holding the proprietary rights thereto, and that must be protected from disclosure. Absent a specific order by this Court, once designated as "Highly Confidential - Attorneys' Eyes Only," such designated information shall be used by the Parties solely in connection with this litigation,

and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

6. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that was obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

(b) is or becomes publicly known through no fault or act of such party; or

(c) is rightfully received by such party from a third party which has authority to provide such information or material without restriction as to disclosure.

7. The designation of information or material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Party or nonparty seeking protection:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, to at least the first page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all Parties within fifteen days after the mailing (via overnight

mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Party or nonparty that testimony about to be given is deemed "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Unless so designated or agreed, any confidentiality is waived after the expiration of the 15-day period unless otherwise stipulated or ordered. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

   8. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   (a) Parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

   (b) Parties and employees of the Parties whose assistance is needed by counsel for the purposes of this litigation;

   (c) consultants as defined in Paragraph 8 herein and pursuant to the provisions of Paragraph 9 herein;

   (d) the Court, pursuant to Paragraph 12 herein;

   (e) court reporters employed in connection with this action;

   (f) graphics or design services retained by counsel for a Party for purposes of

preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 10 herein;

(g) non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 10 herein;

(h) any fact witness educated, prepared and/or called as a witness so long as that fact witness is also bound by the terms and condition of this Protective Order prior to such disclosure; and

(i) any other person only upon order of the Court or upon written consent of the Party producing the confidential information or material.

9. Information or material designated as "Highly Confidential - Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) Not more than three designated in-house counsel from each named party;

(c) consultants as defined in Paragraph 8 herein and pursuant to the provisions of Paragraph 9 herein and subject to and conditioned upon compliance with Paragraph 10 herein;

(d) the Court, pursuant to Paragraph 12 herein;

(e) court reporters employed in connection with this action;

(f) graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 10 herein;

(g) non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 10 herein;

(h) any fact witness educated, prepared and/or called as a witness who is also

bound by the terms and conditions of this Protective Order; and

(i) any other person only upon order of the Court or upon written consent of the Party producing the confidential information or material subject to and conditioned upon compliance with Paragraph 10 herein.

10. For purposes of Paragraphs 6(c) and 7(b) herein, a consultant shall be defined as a person who is neither an employee of a Party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a Party, and his or her secretarial assistants.

11. The procedure for having a consultant approved for access to information or materials designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be as follows:

(a) The Party seeking to have a consultant approved, as defined in Paragraph 8 herein, shall provide the other Parties with a current resume or curriculum vitae of such person, which shall include a description of past and present employers and persons or entities with whom the consultant has been engaged in any consulting relationships in the last ten years, and a copy of a completed and signed undertaking in the form attached hereto as **Exhibit A**.

(b) Within ten days after faxing of the information and signed undertaking described in subparagraph (a) by the Party seeking approval, the other Parties may object to the person proposed for approval if facts available to that Party give it reason to believe that there is a reasonable likelihood that the designated person may use information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for purposes other than the preparation or trial of this case. Failure to object via fax within ten days to a person proposed shall be deemed approval, but shall not preclude a Party from objecting to continued access of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information by that person where facts suggesting a basis for objection are subsequently learned by the Party or its counsel.

(c) If the other Party so objects, the Parties shall, within fifteen days from the

date of the mailing of notice of objection, confer and attempt to resolve the dispute. Within such time the objecting Party shall inform the Party requesting approval of its reasons for objecting to the designated person. If the Parties cannot resolve the dispute, or if the conference does not take place, then, within fifteen days from the date of the conference or within thirty days from the date of the faxing of notice of objection, the objecting Party may move the Court for an order that access to information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" be denied to the designated person. These time periods are not to restrict either Party from moving for a court order earlier if the circumstances so require. Failure to file a motion within these periods shall constitute waiver of the specific objection, but shall not preclude a Party from objecting to continued access of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information where facts suggesting a basis for objection are subsequently learned by the Party or its counsel.

12. All persons listed in Paragraphs 6(b), 6(c), 6(f), 6(g) and 6(h) above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as **Exhibit A**. Similarly, all persons listed in Paragraphs 7(b), 7(e), 7(f) and 7(g) above may be given access to information or material designated as "Highly Confidential - Attorneys' Eyes Only" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as **Exhibit A**. An executed copy of **Exhibit A** shall be provided to the adverse party(ies) for each person listed in Paragraphs 6(b), 6(c), 6(f), 6(g) and 6(h) prior to that person having access to said Confidential or Highly Confidential information.

13. Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material

designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by a Party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same Party provided that the examining Party makes a reasonable effort to obtain the witness' compliance with paragraph 10.

14. Documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," where filed with the pleadings or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Pleadings, memoranda or other papers containing information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall also be filed in sealed envelopes marked with the case name and number of this action, the title of the paper which contains the information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," and a statement substantially in the following form:

[CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY]

UNDER PROTECTIVE ORDER

**THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED <u>EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.</u>**

15. A Party may challenge the other Party's designation of information or materials produced herein as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by serving a written objection upon the producing Party. The producing Party shall notify the challenging Party in writing of the bases for the asserted designation within ten days after receiving any written objection. The Parties shall confer in good faith as to the validity of the designation within five days after the challenging Party has received the notice of the bases for the asserted designation. To the extent the Parties are unable to reach an agreement as to the designation, the objecting Party may make an appropriate application to this Court within fifteen days after

conferring with the producing Party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the information or materials in question as designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

16. All "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information and material covered by this Protective Order shall be kept in secure locations, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 6 and 7 above as persons properly having access thereto.

17. All counsel for the Parties who have access to information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

18. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any Party that any particular information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only";

(c) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any Party to object to the authenticity or

admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e)  prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f)  prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly confidential information;

(g)  prejudice in any way the rights of a Party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Highly Confidential - Attorneys' Eyes Only" information or materials itemized in Paragraph 4 above, is properly designated "Highly Confidential - Attorneys' Eyes Only";

(h)  prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

(i)  Shift any evidentiary burdens with respect to the protection or production of documents or information in this action; or

(j)  prevent the Parties from contacting or obtaining testimony from witnesses identified in documents designated as "Confidential" or "Highly Confidential" under this Protective Order.

19. This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose.

20. In the event that information in the possession or control of a Party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the Party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the Party will notify the Party seeking discovery of: (a) the existence of

the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The Party seeking discovery may then make further application to the non-party or seek other means to obtain such information. Non Parties may avail themselves of the protections of this order, provided they execute the Consent form attached hereto.

21. If a Party inadvertently produces "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information without marking it as such, it may be disclosed to others until the receiving Party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing Party. As soon as the receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6 or 7 above, as well as any copies made by such persons.

22. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

23. It is the present intention of the Parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause.

24. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

25. In the event that any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this

action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" through such use, provided that there is full compliance with the provisions of this Protective Order. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

26. If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a Party, or (c) is served with any other legal process by one not a Party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by someone other than that Party, the Party shall give prompt actual written notice, by hand or fax transmission, within ten days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and shall take reasonable efforts to preserve the designating Party's right to object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

27. Within sixty (60) days of final termination of this action, all information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order, including all copies thereof and notes made therefrom, shall be returned by all persons who have been provided access to such confidential information and documents, including persons retained to furnish expert services or to give expert testimony in this action, to counsel for the party making such designation and the receiving Party shall

certify the destruction of such information that by its nature cannot be returned, such as electronic data. The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of this Order, unless the Court orders otherwise.

(The remaining portion of this page is intentionally left blank.)

## ORDER

For good cause shown and finding no adverse effect upon the public interest, IT IS SO **ORDERED.**

Dated: Feb 4, 2009

_____
Honorable David W. Daniel
United States Magistrate Judge

**SO STIPULATED:**

For Plaintiff Advanced Internet Technologies, Inc.:


Dated: __01/29/2009__          BY:     /s/ Mark W. Ishman_____
                                       Mark W. Ishman, Esq.
                                       Advanced Internet Technologies, Inc.


For Defendant Dell Inc.:


Dated: __01/29/2009__          BY:     /s/ Pressly M. Millen_____
                                       Pressly M. Millen, Esq.
                                       Womble Carlyle Sandridge & Rice, PLLC


For Defendant Dell Financial Services L.L.C.:


Dated: __01/29/2009__          BY:     /s/ Byron L. Saintsing_____
                                       Byron L. Saintsing, Esq.
                                       Smith Debnam Narron Drake Saintsing & Myers, LLP

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No 5:07-CV-426 (U.S.D.C., E.D.N.C.)

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC.<br>    Plaintiff,<br><br>v.<br><br>DELL, INC. and DELL FINANCIAL SERVICES, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)  **UNDERTAKING**<br>)<br>)<br>)<br>)<br>) |

I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order in this action, understand its terms, and agree to be bound by them and I hereby submit to the jurisdiction of the United States District Court of the Eastern District of North Carolina to enforce them. I acknowledge that I will treat any CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material I receive in this action strictly accordingly to the terms of the Protective Order, and that I understand that any unauthorized use of the CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material I receive constitutes contempt of court.

(The remaining portion of this page is intentionally left blank.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____
                                                    Signature

Name: _____

Title: _____

Employer: _____

Address: _____
              _____
              _____

Phone: _____

Fax: _____

Email: _____@_____